## AUSSIE NADS U.S. CORP, a California corporation, Plaintiff-counter-defendant—Appellant,

v.

## Avi SIVAN, an individual, et al., Defendants—Appellees,

Tactica International, Inc., a Nevada corporation, Defendant-counter-claimant—Appellee.

No. 01–57180.

D.C. No. CV–01–06489–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided July 26, 2002.

Before NOONAN, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM *

The district court entered a preliminary injunction prohibiting Aussie Nad's U.S. Corp. ("NADS/USA") from advertising its "No Heat Hair Removal Gel" with the representation that "No Preparation is Required," without a disclosure that the consumer's hair needs to be a minimum 1/8 to 1/4–inch long for the gel to be effective. NADS/USA appeals, contending that the district court erred in concluding that the advertisement is literally false unless reference is made to the minimum hair length. We have jurisdiction pursuant to 28 U.S.C. § 1292(a), and we agree with NADS/USA.

"To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead the consumers." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997). To find an advertisement "literally false" by "necessary implication," as the district court did here, the claim must be analyzed in its entirety to determine whether "the audience would recognize the claim as readily as if it had been explicitly stated." Clorox Co. Puerto Rico v. Proctor & Gamble Co., 228 F.3d 24, 34 (1st Cir.2000). Here, NADS/USA's claim that its "no heat" hair removal gel requires "no preparation" is at least ambiguous as to

whether "no preparation" of the gel is required, as opposed to that required for other hair removal products (such as heating, for wax), or "no preparation" of the person is required. Given that ambiguity, the doctrine of literal falsity is inapplicable and thus cannot sustain the preliminary injunction.

REVERSED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.